# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| ADRIAN DOUGLAS LEE KINDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:17-CV-68 SPM |
| DEAN MINOR, Warden of Moberly Correctional Center, MOBERLY CORRECTIONAL CENTER, and MISSOURI DEPARTEMENT OF CORRECTIONS, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Adrian Douglas Lee Kinder (registration no. 1115343), an inmate at Moberly Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $55.75. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), but will allow plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $278.74, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $55.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

2

of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at Moberly Correctional Center, brings his complaint under the Civil Rights Act, 42 U.S.C. § 1983 against defendants Dean Minor, Warden of Moberly Correctional Center; Moberly Correctional Center; and Missouri Department of Corrections. He alleges he is severely allergic to eggs, and has repeatedly asked Food Service to have his food trays served with no eggs and no egg contamination. While at Moberly Correctional Center, plaintiff alleges he was served trays contaminated with eggs on May 2, 2015, May 21, 2015, January 7, 2017, April 3, 2017, and May 16, 2017. Plaintiff states that on each of these dates he went into anaphylactic shock, and his tongue and throat swelled to the point that he had difficulty breathing. Each time, a medical emergency was declared and plaintiff was transported to medical services to receive Epinephrine, Benadryl, or Solumedrol. These medications are commonly used for severe or incapacitating allergic reactions.

Plaintiff states that he has continually asked Food Service to remedy the problem, and although they have promised to "be more careful," this has not happened. Plaintiff states that when

he asks for a tray with no eggs, the tray is made on the same serving line as all the trays, and "[t]here is no system to ensure that the other food on the line or the trays that the food is served on is not contaminated by the other foods that are being served on the line." Compl. at 6. Plaintiff does not name any Food Service employees as defendants in his complaint, although he refers to an unnamed Food Service Manager.

**Discussion**

Plaintiff brings this action against defendant Dean Minor in his capacity as Warden of Moberly Correctional Center. In its entirety, the allegation against Warden Minor is that "Dean Minor is in charge of all of the staff here at this institution and all things that happen here are his responsibility." Compl. at 5. Plaintiff does not allege that Warden Minor is personally responsible for any of plaintiff's complaints, which concern only Food Service and the preparation of his meals. Nor does he allege that Warden Minor was causally linked to, or that he bore any personal responsibility for, the denial of plaintiff's requests to have food trays without eggs or egg contamination.

Plaintiff's allegations against Warden Minor sound in *respondeat superior*. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). For this reason, the Court will dismiss plaintiff's action against Warden Minor under 28 U.S.C. § 1915(e)(2)(B).

4

Plaintiff also names as a defendant the Moberly Correctional Center, where he is housed. Plaintiff's claim against Moberly Correctional Center is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). In addition, even if the Court were to liberally construe plaintiff's allegations as brought against the City of Moberly and substitute the municipality as defendant, plaintiff's allegations would not state a claim of municipal liability. Liability under § 1983 may attach to a municipality if the constitutional violation resulted from: (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978), *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *see also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (explaining that under § 1983, the plaintiff must demonstrate either that the municipality had a policy or custom that caused the constitutional violation or that the municipality or a municipal employee exhibited deliberate indifference to the plaintiff's constitutional rights by failing to adequately train or supervise its employees) (citing *City of Canton v. Harris*, 489 U.S. 378, 378–92 (1989)).

Finally, plaintiff's claims against the Missouri Department of Corrections are also legally frivolous. Suits against the Missouri Department of Corrections are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Moreover, a suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

Although plaintiff's § 1983 complaint must be dismissed as to the three defendants he has named, it is clear from the record that plaintiff might have an Eighth Amendment claim challenging

the conditions of his confinement. It appears from the facts alleged in the complaint that the Court and plaintiff would benefit from appointment of counsel to represent Plaintiff, who is proceeding pro se. By separate Order, the Court will appoint counsel to represent plaintiff in this action. The Court will allow appointed counsel forty-five (45) days from counsel's entry of appearance to file an amended complaint on behalf of plaintiff. Counsel is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $55.75. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that by separate Order, the Court will appoint counsel for plaintiff.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of October, 2017.