UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ADRIAN DOUGLAS LEE KINDER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-CV-68-SPM |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Adrian Douglas Lee Kinder's ("Plaintiff's") Motion for Leave to File Second Amended Complaint (Doc. 49), filed on August 27, 2018. No responses have been filed. For the following reasons, the motion will be granted.

On October 6, 2017, Plaintiff filed his initial *pro se* complaint, alleging various claims under 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC"), Moberly Correctional Center, and Dean Minor, the warden of Moberly Correctional Center. (Doc. 1). The complaint was dismissed, but the Court appointed counsel for Plaintiff and allowed Plaintiff time to file an amended complaint. (Docs. 5, 6, & 7). On January 19, 2018, Plaintiff filed an Amended Complaint naming as defendants MDOC; Corizon, LLC; Bonnie Boley; Rusty Ratliff; Dimple Robinson; Geeneen Wilhite; Debbie Willis; Yocum (first name unknown); Buck (first name unknown); and John Does 1-20. In the First Amended Complaint, Plaintiff asserted three counts: (1) Violation of Constitutional Rights (against the individual defendants); (2) Violation of Constitutional Rights and Request for Injunctive Relief (against Defendants MDOC and Corizon); and (3) Violation of the ADA [the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*] and Request for Injunctive Relief (against Defendants MDOC and Corizon). (Doc. 10). Defendants

1

Rusty Ratliff and Dimple Robinson filed a motion to dismiss the claims against them (Doc. 22), and Defendant MDOC filed a separate motion to dismiss the claims against it (Doc. 31).

In the instant motion, which was filed prior to the deadline for motions for joinder of additional parties or amendment of pleadings, Plaintiff seeks leave to file a Second Amended Complaint. He states that through discovery, he has identified the John Doe Defendants and has obtained additional facts to support his claims. Additionally, Plaintiff states that the Second Amended Complaint will address arguments set forth in the previously filed motions to dismiss. A review of the proposed Second Amended Complaint shows that Plaintiff is no longer asserting any claims against three of the defendants named in the First Amended Complaint: MDOC, Rusty Ratliff, and Yocum (first name unknown). However, he is asserting claims against several new defendants: Kelly Jochem, Thomas Bell, Debra Williams, and Lisa Pogue. He has also identified the full name of Defendant Buck as Monroe Buck. The proposed Second Amended Complaint also contains more detailed facts than did the First Amended Complaint. In the proposed Second Amended Complaint, Plaintiff asserts the following counts: (1) Deliberate Indifference to Plaintiff's Serious Medical Need (against Defendants Boley, Wilhite, and Willis); (2) Deliberate Indifference to Plaintiff's Serious Medical Need and Request for Injunctive Relief (against Defendants Williams, Robinson, Jochem, Buck, Bell, and Pogue); (3) Violation of the ADA (against Defendants Williams, Robinson, Jochem, Buck, Bell, and Pogue); and (4) Negligence (against Defendants Boley, Wilhite, Willis, and Corizon).

Under Rule 15(a)(2) of the Federal Rule of Civil Procedure, Plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id.* "Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad

faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds that justice requires permitting Plaintiff leave to amend his complaint. The Second Amended Complaint provides clarity regarding the facts being alleged, the parties being sued, and the claims being asserted. The Court finds no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, futility, or undue prejudice to Defendants that would justify denying leave to amend.

Because the proposed Second Amended Complaint includes no claims against MDOC, Rusty Ratliff, or Defendant Yocum, the Court construes the instant motion as a motion to dismiss the claims against those defendants under Rule 41(a)(2). That motion will be granted.

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendant Missouri Department of Corrections (Doc. 31) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendants Rusty Ratliff and Dimple Robinson (Doc. 22) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Missouri Department of Corrections, Rusty Ratliff, and Defendant Yocum are **DISMISSED**, without prejudice.

**IT IS FINALLY ORDERED** that the Clerk of Court shall docket Plaintiff's proposed Second Amended Complaint (Doc. 49-1) as the Second Amended Complaint in this case.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of September 2018.